The PEOPLE of the State of
Colorado, Complainant,

v.

Richard W. JOHNSTON, Jr.,
Attorney–Respondent.

No. 89SA154.

Supreme Court of Colorado,
En Banc.

Nov. 13, 1989.

Justice KIRSHBAUM delivered the Opinion of the Court.

The respondent, Richard W. Johnston, Jr., was the subject of two consolidated grievance proceedings, case Nos. GC 88A–48 and GC 88A–60. A hearing panel of the Supreme Court Grievance Committee has unanimously recommended that the respondent be disbarred, be assessed the costs of both proceedings, and be ordered to pay restitution in one of the matters. We ac- cept the panel's recommendation and order the respondent disbarred.

## I

The respondent was admitted to the Bar of this court on October 4, 1966. Accordingly, he is subject to the jurisdiction of this court and of the Committee. C.R.C.P. 241.1(b).

## II

The proceedings involve conduct of the respondent in his representation of Jack Kuhn in 1985 concerning the acquisition of property, water rights and related litigation and his representation of the husband of Estella K. Valencia in a dissolution of marriage proceeding in 1987. Although notified of the grievances filed against him, respondent failed to respond to the Committee's request for information and did not participate in the proceedings. The record discloses the following facts.

## A

### Case No. GC 88A–48

In 1982, Jack Kuhn purchased certain real property and, he claimed, certain water rights. In 1985 he discovered that his assumption concerning his ownership of the water rights was erroneous. Kuhn retained respondent in 1985 to obtain a refund of a portion of the purchase price or rescind the contract.

In 1987, the seller commenced a foreclosure action against Kuhn. Kuhn informed respondent of this development, understood that respondent would represent him in the case, and met with respondent on at least three occasions to discuss the matter. Respondent repeatedly assured Kuhn that respondent was taking all steps necessary to protect Kuhn's interests. However, respondent did not file any pleadings in Kuhn's behalf in the foreclosure action, and a default judgment was entered against Kuhn.

Kuhn was informed of this development by a friend who, though an attorney, was no longer practicing law. Kuhn and his friend met with respondent to discuss the

situation, at which time respondent assured them that papers were in the process of being typed, that he was preparing to file an action asserting a claim of fraud against the seller, and that the Colorado Real Estate Commission was handling the matter. These statements were false. Kuhn ultimately retained another attorney and sought to set aside the default judgment. The effort was unsuccessful, although the attorney indicated a belief that Kuhn had a meritorious defense to the foreclosure action.

Kuhn then initiated a grievance proceeding against respondent. Respondent received notification of a request for investigation on May 23, 1988. He neither replied to the Committee's inquiries nor participated in any other manner in the proceeding.

### B

#### Case No. GC 88A–60

In August 1987, Estella K. Valencia was a party in a dissolution of marriage proceeding pending in the Montrose County District Court. Respondent represented her husband. Pursuant to court order of August 11, 1987, respondent received a check in the amount of $1,432.62, endorsed to him, representing a federal income tax refund payable to the parties. The order required respondent to disburse the funds to satisfy certain debts of the parties, including premiums for motor vehicle insurance on their automobiles. On September 8, 1987, respondent deposited this check into a special trust account he had established on that date.

In early 1988, Ms. Valencia learned that the insurance for her motor vehicle had been cancelled by the insurer for non-payment of premiums. At a final orders hearing in the dissolution case on February 9, 1988, Ms. Valencia and her attorney sought to determine if the remaining bills had been paid. Respondent indicated that he had paid all bills except the motor vehicle insurance premiums, and the trial court ordered respondent to provide a written accounting of the disbursements of the proceeds of the check within fifteen days. When respon-

dent failed to comply, a citation for contempt issued. After a second contempt citation was issued, respondent provided a one-page document reflecting payment of all of the specified debts. However, the document did not reflect the dates upon which the payments had been made.

Subsequent investigation by Committee representatives revealed that the initial check was the only check deposited into the special account established by respondent on September 8, 1987; that funds from that account were disbursed for expenses related to respondent's practice but unrelated to the dissolution proceeding; and that several of the debts listed in the August 11, 1988, court order were never paid by respondent. The evidence is unrebutted that respondent applied $1,086.94 of the proceeds of the check for his own use.

Ms. Valencia then initiated a grievance proceeding against respondent.

Respondent received notification of a request for investigation on March 25, 1988. He has neither replied to the Committee's inquiries nor participated in any other manner in the proceeding.

### C

Respondent's conduct violated DR1–102(A)(1) of the Code of Professional Responsibility (violating a disciplinary rule), DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), DR1–102(A)(5) (conduct prejudicial to the administration of justice), DR6–101(A)(3) (neglecting a legal matter), DR7–101(A)(1) (failing to seek lawful objectives of client), DR7–101(A)(2) (failing to carry out a contract of employment for professional services), DR7–101(A)(3) (intentionally prejudicing or damaging a client), as well as C.R.C.P. 241.6(7). In both proceedings, the clients' interests were not only unprotected but the clients sustained damage. In addition, respondent converted client funds to his own use, made misrepresentations to the court and parties during judicial proceedings, and violated a court order regarding disbursement of funds. The severity and multiplicity of

these acts of misconduct constitute aggravating circumstances justifying imposition of a severe sanction. *See* ABA *Standards for Imposing Lawyer Sanctions* § 9.22(c) and (d) (1986) (ABA *Standards*).

Respondent is at present suspended from the practice of law for conduct of a similar nature which occurred in 1985 and 1986. *See People v. Johnston,* 759 P.2d 10 (Colo. 1988). In addition, respondent received a letter of admonition in 1982. The fact that prior discipline has been administered to respondent constitutes a further aggravating factor. ABA *Standards* § 9.22(a). In view of all of the circumstances, we fully agree with the hearing panel's recommendation that disbarment is the appropriate sanction.

## III

It is hereby ordered that respondent, Richard W. Johnston, Jr., be disbarred from the practice of law, effective immediately, and that his name be stricken from the roll of attorneys licensed to practice in this state. Respondent shall comply with the requirements of C.R.C.P. 241.21 specifying certain action to be taken after entry of an order of disbarment. It is further ordered that respondent shall pay the sum of $1,086.94 plus interest from September 8, 1987, at the rate of nine percent per annum, as restitution to the parties in the dissolution proceeding, and shall also pay the costs of these grievance proceedings, in the amount of $304.97. The respondent shall pay all such sums to the Supreme Court Grievance Committee, 600—17th Street, Suite 500S, Denver, Colorado 80202, within sixty days of the date of this opinion.

